**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)**

| | |
|---|---|
| GUIDEONE INSURANCE COMPANY (f/k/a GUIDEONE MUTUAL INSURANCE COMPANY) and GUIDEONE NATIONAL INSURANCE COMPANY,<br><br>    Plaintiffs<br><br>v.<br><br>PICC PROPERTY AND CASUALTY COMPANY CO. LTD, SHENZEN BRANCH,<br><br>    Defendant. | Civil Action No. 23-cv-493<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs GuideOne Insurance Company (formerly known as GuideOne Mutual Insurance Company) and GuideOne National Insurance Company (collectively, "GuideOne") currently allege the following in support of their claims against Defendant PICC Property and Casualty Company Co. Ltd, Shenzen Branch ("PICC").

**INTRODUCTION**

1. GuideOne is a family of insurance companies headquartered and rooted in Iowa. It provides a wide array of commercial insurance solutions to its clients, including property, casualty, and workers' compensation insurance. Founded in 1947, GuideOne currently employs roughly 500 professionals, the majority of which are located in the State of Iowa.

2. Like most other insurance companies, GuideOne mitigates its risk, reduces its net, and protects its capital via the purchase of reinsurance.

3. Reinsurance is insurance for insurance companies.

4. PICC is an insurance and reinsurance entity based in China.

1

5. PICC agreed to reinsure GuideOne with respect to various property insurance accounts in the sectors of power generation, mining, energy, and heavy industry, including accounts for several large domestic and multinational corporations.

6. GuideOne has submitted various reinsurance claims to PICC, including presentations associated with the accounts referenced in Paragraph 5, beginning in August 2021.

7. As described below, this case arises from PICC's breaches of its binding reinsurance agreements with GuideOne, including but not limited to PICC's failures or refusals to pay GuideOne's valid claims for reinsurance reimbursement.

## THE PARTIES

8. GuideOne Insurance Company (f/k/a GuideOne Mutual Insurance Company) is an insurer incorporated in Iowa. GuideOne Insurance Company's principal place of business and headquarters are located in West Des Moines, Iowa.

9. GuideOne National Insurance Company is an insurance company incorporated in Iowa. GuideOne National Insurance Company's principal place of business and headquarters are located in West Des Moines, Iowa.

10. PICC is an insurer and reinsurer domiciled in China, and its principal place of business is located in Shenzen, China.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over GuideOne's claims under 28 U.S.C. § 1332(a)(2), because there is complete diversity of citizenship between GuideOne and PICC. Each of the GuideOne entities is a citizen of Iowa. PICC is a citizen of a foreign nation state. The amount in controversy materially exceeds $75,000.

12. This Court is authorized to exercise personal jurisdiction over PICC because, among other jurisdictionally significant facts, PICC consummated contracts that include Iowa choice of law

and Iowa forum selection provisions. In addition, PICC purposefully directed its commercial activities to Iowa, and the claims against PICC arise out of and relate to PICC's activities in and interactions with Iowa. Among its other commercial forays into the State, PICC served as a reinsurer of insurance companies headquartered in Iowa. PICC and/or its broker agents directed emails and telephone calls to Iowa concerning the subject matter of this dispute. PICC's conduct has caused, and continues to cause, significant damage to GuideOne in Iowa.

13. Venue lies in this district, because a substantial number of the events giving rise to the subject claims took place here, and/or because venue is not appropriate in any other judicial district in the United States. *See* 28 U.S.C. § 1391.

## STATEMENT OF FACTS

14. In October 2020, Career General Agency LLC ("CGA"), a GuideOne affiliate, and PICC entered into a "Binding Authority Agreement" ("BAA").

15. Under the BAA, PICC granted to CGA express authority to bind insurance and reinsurance cover on behalf of PICC. More specifically, the BAA permits CGA to bind PICC to issue reinsurance coverage with respect to insurance policies to be issued by GuideOne.

16. The BAA also contains an Iowa forum selection clause requiring resolution of disputes in a federal or state court sitting in Iowa.

17. In 2020 and 2021, CGA issued various reinsurance binders further to the BAA under which PICC agreed to provide facultative reinsurance coverage of specified underlying insurance policies issued by GuideOne (the "Reinsurance Agreements").

18. PICC entered into Reinsurance Agreements with GuideOne with respect to property insurance policies issued by GuideOne regarding several large domestic and multinational policyholder corporations in the sectors of power generation, mining, energy, and heavy industry.

19. GuideOne paid premium exceeding $15 million to PICC in consideration for coverage under the Reinsurance Agreements. In addition, by agreement with PICC, GuideOne is holding ceded premium as an offset against outstanding claims subject to reimbursement -- the amount of outstanding claims exceeds the premium being held.

20. The Reinsurance Agreements incorporate the BAA's bargained-for terms, including its Iowa forum selection clause. In fact, each Reinsurance Agreement confirms that PICC's and GuideOne's "participation is subject to" the BAA wording.

21. In good faith, GuideOne has paid covered insurance claims tendered by its policyholders to GuideOne with regard to policies reinsured by PICC via the Reinsurance Agreements.

22. Beginning on or about August 3, 2021, GuideOne submitted claims for reinsurance reimbursement to PICC, emanating from GuideOne's policyholder payments, by which GuideOne sought reimbursement in accordance with the Reinsurance Agreements.

23. GuideOne has directed no fewer than 87 requests for reinsurance reimbursement to PICC.

24. PICC has conceded its reimbursement obligation with regard to various Reinsurance Agreements by issuing payments in response to some reinsurance reimbursement claims submitted by GuideOne; however, the amount still owed by PICC under the Reinsurance Agreements far exceeds the amount paid by PICC, to date, and the matter in controversy materially exceeds $75,000.

25. PICC has failed or declined to pay certain GuideOne reinsurance claims, including those related to losses GuideOne paid under policies referenced in Paragraph 18.

26. As a result, PICC repeatedly has breached the Reinsurance Agreements, which has caused damages to -- and continues to injure -- GuideOne.

## COUNT I - BREACH OF CONTRACT

27. GuideOne incorporates all of the allegations set forth in the preceding Paragraphs.

28. PICC had the capacity to enter into the BAA and associated Reinsurance Agreements.

29. GuideOne and PICC are parties to the bargained for Reinsurance Agreements.

30. The Reinsurance Agreements unambiguously require PICC to provide reinsurance coverage to GuideOne, including claim reimbursements.

31. GuideOne has performed all of its contractual obligations under the Reinsurance Agreements.

32. PICC serially breached the Reinsurance Agreements by failing or refusing to reimburse GuideOne's valid reinsurance claims.

33. GuideOne has suffered, and continues to incur, significant damages as a result of PICC's breaches and the matter in controversy materially exceeds $75,000.

## COUNT II - BAD FAITH - UNFAIR CLAIM SETTLEMENT PRACTICES

34. GuideOne incorporates all of the allegations set forth in the preceding Paragraphs.

35. PICC unreasonably and in bad faith failed or declined to pay GuideOne's valid claims for benefits under the terms of the Reinsurance Agreements, even after its liability for one or more such claims had become reasonably clear.

36. In March 2023, although PICC informed GuideOne, via the broker, that it intended to pay a significant reinsurance claim that GuideOne had submitted to PICC, PICC failed or declined to reimburse GuideOne.

37. Instead, in December 2023, PICC informed GuideOne that it did not pay the same large reinsurance claim because PICC had objections to different GuideOne claims and required the opportunity to adjudicate them.

38. PICC has admitted to owing reimbursement for at least some portion of the claim(s) submitted by GuideOne and has provided no reasonable explanation for its continuing refusal to reimburse GuideOne for those claims as to which PICC has acknowledged a reimbursement obligation.

39. PICC has acted and continues to act in reckless disregard of its duties of good faith and fair dealing, and the duty of utmost good faith it owes to GuideOne.

40. PICC knows or has reason to know that there is no reasonable basis to deny GuideOne's valid claim(s) for reimbursement.

41. PICC's bad faith was and is a proximate cause of GuideOne's damages.

42. PICC's conduct in breaching its duty of good faith and fair dealing constitutes willful and wanton disregard of GuideOne's rights.

43. PICC's bad faith in failing to pay GuideOne's claims represents a violation of Iowa Code chapter 507B. *See, e.g.*, Iowa Code § 507B.4(3)(j)(13) (defining one unfair claims settlement practice as: "Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage").

44. GuideOne is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

GuideOne requests that judgment be entered in its favor and against PICC in an amount sufficient to compensate it for all damages incurred, including punitive damages, plus interest and costs.

**JURY TRIAL DEMAND**

GuideOne requests a jury trial on all claims.

Respectfully submitted,

GUIDEONE INSURANCE COMPANY (f/k/a, GUIDEONE MUTUAL INSURANCE COMPANY) and GUIDEONE NATIONAL INSURANCE COMPANY,

By its attorneys,
*/s/ Alexander M. Johnson*
Alexander M. Johnson AT0004024

*/s/ John D. Hunter*
John D. Hunter  AT0003836
BROWN, WINICK, GRAVES, GROSS & BASKERVILLE, PLC
666 Grand Ave, #2000
Des Moines, IA 50309
Telephone: (515) 242-2400
Fax: (515) 283-0231
Email: alex.johnson@brownwinick.com
Email: john.hunter@brownwinick.com
ATTORNEYS FOR PLAINTIFFS


Of Counsel (*pro hac* forthcoming):

David A. Attisani
J.P. Jaillet
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Telephone: (617) 248-5000
Fax: (617) 248-4000
Email: dattisani@choate.com
Email: jjaillet@choate.com
ATTORNEYS FOR PLAINTIFFS

Dated:  December 6, 2023