**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**(CENTRAL DIVISION)**

| | |
|---|---|
| GUIDEONE INSURANCE COMPANY (f/k/a GUIDEONE MUTUAL INSURANCE COMPANY) and GUIDEONE NATIONAL INSURANCE COMPANY,<br><br>　　　　Plaintiffs<br><br>v.<br><br>PICC PROPERTY AND CASUALTY COMPANY CO. LTD, SHENZHEN BRANCH, and PICC PROPERTY AND CASUALTY COMPANY CO. LTD.,<br><br>　　　　Defendant. | Civil Action No. 23-cv-00493-RGE-WPK<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

Plaintiffs GuideOne Insurance Company (formerly known as GuideOne Mutual Insurance Company) and GuideOne National Insurance Company (collectively, "GuideOne") currently allege the following in support of their claims against Defendants PICC Property and Casualty Company Co. Ltd, Shenzhen Branch, and PICC Property and Casualty Company Co. Ltd. (together, "PICC").

**INTRODUCTION**

1. GuideOne is a family of insurance companies headquartered and rooted in Iowa. It provides a wide array of commercial insurance solutions to its clients, including property, casualty, and workers' compensation insurance. Founded in 1947, GuideOne currently employs roughly 500 professionals, the majority of which are located in the State of Iowa.

2. Like most other insurance companies, GuideOne mitigates its risk, reduces its net exposure, and protects its capital via the purchase of reinsurance.

1

3. Reinsurance is insurance for insurance companies.

4. PICC are insurance and reinsurance entities based in China.

5. PICC agreed to reinsure GuideOne with respect to various property insurance accounts in the sectors of power generation, mining, energy, and heavy industry, including accounts for several large domestic and multinational corporations.

6. GuideOne has submitted various reinsurance claims to PICC, including presentations associated with the accounts referenced in Paragraph 5, beginning in August 2021.

7. As described below, this case arises from PICC's breaches of its binding reinsurance agreements with GuideOne, including but not limited to PICC's failures or refusals to pay GuideOne's valid claims for reinsurance reimbursement.

## THE PARTIES

8. GuideOne Insurance Company (f/k/a GuideOne Mutual Insurance Company) is an insurer incorporated in Iowa. GuideOne Insurance Company's principal place of business and headquarters are located in West Des Moines, Iowa.

9. GuideOne National Insurance Company is an insurance company incorporated in Iowa. GuideOne National Insurance Company's principal place of business and headquarters are located in West Des Moines, Iowa.

10. PICC Property and Casualty Company Co. Ltd, Shenzhen Branch, is an insurer and reinsurer domiciled in China, and its principal place of business is located in Shenzhen, China.

11. PICC Property and Casualty Company Co. Ltd. is an insurer and reinsurer domiciled in China, and its principal place of business is located in China.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over GuideOne's claims under 28 U.S.C. § 1332(a)(2), because there is complete diversity of citizenship between GuideOne and PICC. Each of the GuideOne entities is a citizen of Iowa. Each PICC entity is a citizen of a foreign nation state. The amount in controversy materially exceeds $75,000.

13. This Court is authorized to exercise personal jurisdiction over PICC because, among other jurisdictionally significant facts, PICC consummated contracts that include Iowa choice of law and Iowa forum selection provisions. In addition, PICC purposefully directed its commercial activities to Iowa, and the claims against PICC arise out of and relate to PICC's activities in and interactions with Iowa. Among its other commercial forays into the State, PICC served as a reinsurer of insurance companies headquartered in Iowa. PICC and/or its broker agents directed emails and telephone calls to Iowa concerning the subject matter of this dispute. PICC's conduct has caused, and continues to cause, significant damage to GuideOne in Iowa.

14. Venue lies in this district, because a substantial number of the events giving rise to the subject claims took place here, and/or because venue is not appropriate in any other judicial district in the United States. *See* 28 U.S.C. § 1391.

## STATEMENT OF FACTS

15. In October 2020, Career General Agency LLC ("CGA"), a GuideOne affiliate, and PICC entered into a "Binding Authority Agreement" ("BAA").

16. Under the BAA, PICC granted to CGA express authority to bind insurance and reinsurance cover on behalf of PICC. More specifically, the BAA permits CGA to bind PICC to issue reinsurance coverage with respect to insurance policies to be issued by GuideOne or other insurance carriers.

17. The BAA also contains an Iowa forum selection clause requiring resolution of disputes in a federal or state court sitting in Iowa.

18. In 2020 and 2021, CGA issued various reinsurance binders further to the BAA under which PICC agreed to provide facultative reinsurance coverage of specified underlying insurance policies issued by GuideOne (the "Reinsurance Agreements").

19. PICC entered into Reinsurance Agreements with GuideOne with respect to property insurance policies issued by GuideOne regarding several large domestic and multinational policyholder corporations in the sectors of power generation, mining, energy, and heavy industry.

20. GuideOne paid premium exceeding $15 million to PICC in consideration for coverage under the Reinsurance Agreements. In addition, by agreement with PICC, GuideOne is holding ceded premium as an offset against outstanding claims subject to reimbursement -- the amount of outstanding claims significantly exceeds the premium being held.

21. The Reinsurance Agreements incorporate the BAA's bargained-for terms, including its Iowa forum selection clause. In fact, each Reinsurance Agreement confirms that PICC's and GuideOne's "participation is subject to" the BAA wording.

22. In good faith, GuideOne has paid covered insurance claims tendered by its policyholders to GuideOne with regard to policies reinsured by PICC via the Reinsurance Agreements.

23. Beginning on or about August 3, 2021, GuideOne submitted two particular claims for reinsurance reimbursement to PICC, emanating from GuideOne's policyholder payments, by which GuideOne sought reimbursement in accordance with the Reinsurance Agreements. GuideOne has submitted all required documentation to enable PICC to review, process, and pay these claims.

Unfortunately, more than two years and five months have elapsed, and PICC has failed or declined to issue any payment of these two claims notwithstanding its bargain.

24. GuideOne has directed no fewer than 87 requests for reinsurance reimbursement to PICC relating to a number of reinsurance claims.

25. On information and belief, on or around the time when GuideOne entered into reinsurance contracts with PICC, PICC directly contracted with Broadspire Services, Inc. ("Broadspire") to serve as a third-party administrator (or, "TPA") of reinsurance claims advanced under certain reinsurance contracts entered into by PICC, including reinsurance contracts issued by PICC to GuideOne. On or about October 2022, PICC and Broadspire terminated their relationship and, notwithstanding the need for claim administration, PICC has failed or declined to contract with a replacement TPA to provide reinsurance claims handling services. At the same time, PICC has failed to engage in professional claims handling on its own behalf -- to the detriment of GuideOne. Due to PICC's failure to obtain claims handling services from an outside professional or to handle the subject claims professionally on its own, GuideOne's requests for reinsurance reimbursement have been deferred indefinitely.

26. PICC has conceded its reimbursement obligation with regard to various Reinsurance Agreements by issuing payments in response to some reinsurance reimbursement claims submitted by GuideOne totaling $8,585,386.93; however, the amount still owed by PICC under the Reinsurance Agreements far exceeds the amount paid by PICC, to date, and the matter in controversy materially exceeds $75,000.

27. In at least five instances involving GuideOne reinsurance contracts and claims, PICC made an initial payment on GuideOne's reinsurance claim but has since failed or declined to pay the additional amounts owed to GuideOne concerning the same claims. As an example,

with regard to GuideOne's reinsurance claim made under Reinsurance Contract No. 098000136 and assigned GuideOne Claim No. AA152777, GuideOne noticed the claim in March 2022 and, thereafter, provided supporting documentation. In November 2023, PICC paid $29,466.66 in response to GuideOne's reinsurance claim, but an additional $28,279.36 remains outstanding on the same reinsurance claim and PICC has failed or declined to pay without explanation or reason.

28. As another example, GuideOne submitted a claim to PICC in connection with Reinsurance Contract No. 098000113 and assigned GuideOne Claim No. AA155328. PICC was one of seven subscribing reinsurers that covered a portion of the underlying risk insured by GuideOne. The other six subscribing reinsurers have paid GuideOne's claims with respect to the same underlying loss in full. In total, the six other subscribing reinsurers have paid roughly $7.8 million in response to GuideOne's reinsurance claim, while PICC has paid nothing and owes approximately $4.3 million with respect to the same underlying loss. PICC has not advanced a valid explanation or reason for its non-performance.

29. In response to GuideOne's repeated demands for payment, PICC has articulated pretextual objections that do not support its non-payment. By way of non-exclusive example, on or around June 30, 2023, PICC declined to pay valid reinsurance claims purportedly because the associated loss ratios on GuideOne business were higher than PICC had anticipated, which is not a legal or market-valid excuse for non-payment.

30. By way of further example, on or around November 10, 2023, PICC contended (through its broker) that it had not received timely notice of underlying claims. PICC's objections again fail to justify its non-performance, because: (1) GuideOne provided timely notice of claims to Broadspire, thereby fulfilling GuideOne's notice obligations under the BAA; (2) Broadspire provided timely notice of claims to PICC during the period when Broadspire was employed as

PICC's TPA; and (3) PICC failed or declined to appoint a replacement TPA after PICC terminated Broadspire.  In essence, PICC seeks to blame GuideOne for PICC's own decisions and other failures.

31. PICC has failed or declined to pay certain GuideOne reinsurance claims, including those related to losses GuideOne paid under policies referenced in Paragraph 22

32. As of the February 1, 2024, PICC owed GuideOne more than $43 million for properly submitted reinsurance claims.  In addition, GuideOne has established reserves exceeding $12 million, which will be added to GuideOne's pending reinsurance claims submitted to PICC over time, as the underlying insurance claims submitted to GuideOne are adjusted and paid by GuideOne.

33. PICC repeatedly has breached the Reinsurance Agreements, which has caused damages to -- and continues to injure -- GuideOne.

## COUNT I - BREACH OF CONTRACT

34. GuideOne incorporates all of the allegations set forth in the preceding Paragraphs.

35. PICC had the capacity to enter into the BAA and associated Reinsurance Agreements.

36. GuideOne and PICC are parties to the bargained for Reinsurance Agreements.

37. The Reinsurance Agreements unambiguously require PICC to provide reinsurance coverage to GuideOne, including claim reimbursements.

38. GuideOne has performed all of its contractual obligations under the Reinsurance Agreements.

39. PICC has serially breached the Reinsurance Agreements by failing or refusing to reimburse GuideOne's valid reinsurance claims.

40. GuideOne has suffered, and continues to incur, significant damages as a result of PICC's breaches and the matter in controversy materially exceeds $75,000.

## COUNT II – BAD FAITH – UNFAIR CLAIM SETTLEMENT PRACTICES

41. GuideOne incorporates all of the allegations set forth in the preceding Paragraphs.

42. PICC unreasonably and in bad faith failed or declined to pay GuideOne's valid claims for benefits under the terms of the Reinsurance Agreements, even after its liability for one or more such claims had become reasonably clear.

43. In March 2023, although PICC informed GuideOne, via the broker, that it intended to pay a significant reinsurance claim that GuideOne had submitted to PICC, PICC failed or declined to reimburse GuideOne.

44. Instead, in December 2023, PICC informed GuideOne that it did not pay the same large reinsurance claim because PICC had objections to different GuideOne claims and required the opportunity to adjudicate them.

45. PICC has admitted to owing reimbursement for at least some portion of the claim(s) submitted by GuideOne and has provided no reasonable explanation for its continuing refusal to reimburse GuideOne for those claims as to which PICC has acknowledged a reimbursement obligation.

46. In addition, PICC has failed to engage in professional claims handling by failing or declining to retain a replacement TPA or claims staff, resulting in protracted delays in claim handling and correspondence, and PICC's failure or refusal to reimburse amounts owed to GuideOne by PICC.

47. PICC has acted and continues to act in reckless disregard of its duties of good faith and fair dealing, and the duty of utmost good faith it owes to GuideOne.

48. PICC knows or has reason to know that there is no reasonable basis to deny GuideOne's valid claim(s) for reimbursement.

49. PICC's bad faith was and is a proximate cause of GuideOne's damages.

50. PICC's conduct in breaching its duty of good faith and fair dealing constitutes willful and wanton disregard of GuideOne's rights.

51. PICC's bad faith in failing to pay GuideOne's claims represents a violation of Iowa Code chapter 507B. *See, e.g.*, Iowa Code § 507B.4(3)(j)(13) (defining one unfair claims settlement practice as: "Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage").

52. GuideOne is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

GuideOne requests that judgment be entered in its favor and against PICC in an amount sufficient to compensate it for all damages incurred, including punitive damages, plus interest and costs.

## JURY TRIAL DEMAND

GuideOne requests a jury trial on all claims.

Respectfully submitted,

GUIDEONE INSURANCE COMPANY (f/k/a, GUIDEONE MUTUAL INSURANCE COMPANY) and GUIDEONE NATIONAL INSURANCE COMPANY,

By its attorneys,
*/s/ Alexander M. Johnson*
Alexander M. Johnson AT0004024
John D. Hunter AT0003836
BROWN, WINICK, GRAVES, GROSS & BASKERVILLE, PLC
666 Grand Ave, #2000
Des Moines, IA 50309
Telephone: (515) 242-2400
Fax: (515) 283-0231
Email: alex.johnson@brownwinick.com
Email: john.hunter@brownwinick.com
ATTORNEYS FOR PLAINTIFFS

David A. Attisani
J.P. Jaillet
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Telephone: (617) 248-5000
Fax: (617) 248-4000
Email: dattisani@choate.com
Email: jjaillet@choate.com
ATTORNEYS FOR PLAINTIFFS

Dated:  February 13, 2024